```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
FELIPE FERNANDEZ, on behalf of himself                      :
and all others similarly situated,                          :
                                                            :
                                   Plaintiffs,              :       25-CV-5512 (VSB)
                                                            :
                      -against-                             :            ORDER
                                                            :
VILLAS MARKET PLACE, INC.,                                  :
                                                            :
                                   Defendant.               :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

I am in receipt of the parties' proposed consent decree. (Doc. 16.) Defendant states in its filing that "the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement." (Doc. 16 at 2.) However, a putative class member in a class action that has not been certified is not bound by decisions in that action and retains all of the rights she would have had if the action had not been filed. *Smith v. Bayer Corp.*, 564 U.S. 299, 312–13 (2011). A class action settlement binds class members only if the court approves it after the class members are given reasonable notice of the settlement and after a hearing at which the court finds that the settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). Here, the class has not been certified, nor have I been asked to make a fairness determination.

Defendant also lists consent decrees that judges in this Court and in other districts have approved in the past. (Doc. 16 at 2.) However, several of the consent decrees cited in Defendant's letter clearly and specifically indicated that the consent decree did not bind members of the putative class identified in plaintiffs' complaints in those matters. *See, e.g.*,

*Panarese v. Museum of Mod. Art*, No. 2:19-cv-03899-DRH (E.D.N.Y. Oct. 31, 2019) (Doc. 11 ¶ 20); *Kiler v. Keith McCurdy LLC*, No.1:19-cv-03472-AMD (E.D.N.Y., Oct. 17, 2019) (Doc. 11 ¶ 21); *Fischler v. Hub Assocs., LLC*, No. 1:18-cv-7000-NG (E.D.N.Y., Sept. 11, 2019) (Doc. 19 ¶ 21). Moreover, in previous consent decrees that I have approved, parties all included this limiting language in their agreements. *See e.g.*, *Murphy v. Hiya Health Prods. LLC*, No. 1:24-cv-05064-VSB (S.D.N.Y. July 29, 2024) (Doc. 10 ¶ 20); *Paguada v. Wholesale Interiors Inc.*, No. 1:20-cv-05518-VSB (S.D.N.Y. July 15, 2021) (Doc. 17 ¶ 20); *Paguada v. Lee Michaels Fine Jewelers*, No. 1:20-cv-07947-VSB (S.D.N.Y. Feb. 2, 2021) (Doc. 13 ¶ 20). No such provision is present in the consent decree filed in the above-captioned matter.

Therefore, it is hereby ORDERED that the parties file an amended consent decree on or before November 18, 2025 clearly indicating that their agreement is not intended to in any way detract from the rights of third-party beneficiaries to this consent decree or submit supplemental briefing otherwise explaining how the agreement will "serve as a shield for Defendant against claims by other potential plaintiffs," without detracting from the rights of such non-signatories. (Doc. 16 at 2.)

SO ORDERED.

Dated: November 4, 2025
New York, New York

_____
VERNON S. BRODERICK
United States District Judge